IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATE OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-CR-074-JHP |
| ERNEST EDWARDS, JR., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Defendant Ernest Edwards, Jr. filed a *pro se* motion requesting a determination of his mental competency to stand trial (Docket No. 32). The Court granted Defendant's request and ordered a psychiatric or psychological examination of Defendant pursuant to 18 U.S.C. § 4241(b) (Docket No. 37). To this end, Defendant was transferred to the Federal Correctional Institution in Fort Worth, Texas for evaluation. After receiving the Psychological Evaluation (Docket No. 38) prepared by Dr. Lisa Bellah, a psychologist, Veronica Corn, a predoctoral psychology intern, and Marti Carlon, a doctor of psychology, the Court set a competency hearing for April 7, 2008. At the hearing, the parties stipulated to the Forensic Evaluation, but presented no additional evidence or testimony, and the Court took the matter under advisement.

Based upon its own observations of Defendant and its review of the record in this case, including the conclusions set forth in Psychological Evaluation, the Court finds that Defendant is not "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d); *see Nguyen v. Reynolds*, 131 F.3d 1340, 1346 (10th Cir. 1997) ("Competence to stand trial requires that a defendant have 'sufficient present

ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'") (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

Neither Defendant's demeanor nor his conduct in open court provides any evidence of mental incompetency. Defendant's communications to the Court have been clear and coherent. Defendant made no outbursts and displayed no unusual behavior. The Psychological Evaluation, to which the parties have stipulated, is consistent with the Court's observations. The examiners' opinions and observations reinforce the Court's own determination that there is no evidence indicating that Defendant suffers from any mental condition that would impair his ability to understand the nature and consequences of the proceedings against him or to properly assist in his own defense. Accordingly, the Court finds that Defendant is competent to stand trial in this case.

IT IS SO ORDERED this 8th day of April, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma